UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL PARKS, SR. | CIVIL ACTION |
| VERSUS | NO. 07-3716 |
| E. JORDAN, JR. ET AL. | SECTION "C" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Lionel Parks, Sr., is a prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Orleans Parish District Attorney Eddie Jordan, Jr. and the City of New Orleans. Parks alleges that he is improperly incarcerated based upon a conspiracy between the defendants to charge him falsely and to deprive him of his constitutional rights. Record Doc. No. 1, Complaint at ¶ IV & attachment. He seeks a "declaratory judgment for just compensation." Id. at ¶ V.

On September 11, 2007, I conducted a telephone conference in this matter. Participating were plaintiff pro se; Jim Mullaly, Mark Carver and William Aaron, Jr., counsel for defendants. Plaintiff was sworn and testified for all purposes permitted by Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny.

## **THE RECORD**

As set out below, plaintiff's testimony at the <u>Spears</u> hearing must be considered as having amended and expanded upon his complaint. In his testimony, Parks confirmed that he asserts a claim that he has been denied his rights to a fair tribunal, due process and fundamental fairness by the defendants' participation in a conspiracy to charge him falsely and without probable cause. Parks testified that he is currently incarcerated in the Louisiana State Penitentiary at Angola based upon a conviction in 1988 for first-degree murder, for which he is serving a life sentence.

Plaintiff stated that he filed a Motion to Annul and Vacate in the Orleans Parish Criminal District Court on August 10, 2005, requesting that his original 1987 murder indictment be quashed. Parks testified that the motion was heard by Judge Calvin Johnson and that Judge Johnson orally granted the motion and quashed the indictment. Parks stated that he has no written order confirming Judge Johnson's ruling because the court "will not give him anything."

Parks explained that his exact claim in this case is that because Judge Johnson orally granted his motion to quash the original indictment, he is now wrongfully incarcerated because his original indictment was quashed. "The only thing that I can say is that when Judge Johnson quashed that indictment, he quashed jurisdiction and he restored all of my civil rights and all of my Constitutional rights, and that goes all the

way back to 1987," Parks testified.  He stated that other than his conviction in 1988 for first-degree murder, he has never been convicted of any other crimes.

Plaintiff recalled, however, that he received an order from the Louisiana Supreme Court on May 4, 2007, denying his application for supervisory and/or remedial writs.  He testified that he does not know what the Louisiana Supreme Court's order dated May 4, 2007, refers to, if not his original conviction in 1988.  "I don't know what they refer to . . . all it was, was just a plain deny," he said.

Plaintiff's written submissions, including his complaint, written statement of facts, and the copies of court records attached by plaintiff to his submissions in this court, Record Doc. Nos. 1 and 7-2 Exhibit A, establish the following facts:

On February 5, 1987, Parks was indicted by an Orleans Parish Grand Jury for one count of first-degree murder.  Record Doc. No. 7-2, Exhibit "A" (plaintiff's "Motion to Annul, Vacate and Set Aside Conviction and Sentence; Nunc Pro Tunc" filed in Orleans Parish Criminal District Court) at p. 1.  On May 9, 1988, trial on the merits commenced, and on May 12, 1988, a jury found Parks guilty of first-degree murder.  Id.  On May 27, 1988, Parks was sentenced to a term of life imprisonment.  Id.  In 1995, Parks's conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal in an unpublished opinion, and the Louisiana Supreme Court subsequently denied his writ application.  Id. (citing State v. Parks, 92-KA-1388 (La. App. 4th Cir. 10/26/95), 662

So.2d 1047 (Table); writ denied, 95-KO-2815 (La. 4/19/96), 671 So.2d 924 (Memorandum Decision).

On August 10, 2005, Parks filed the Motion to Annul and Vacate in the Orleans Parish Criminal District Court, about which he testified during the Spears hearing. Parks testified that Judge Johnson orally granted the motion and quashed the indictment. No written order confirming Judge Johnson's oral ruling is in the record. However, the state court records attached by Parks to his submissions in this court establish that the State appealed Judge Johnson's decision to the Louisiana Fourth Circuit Court of Appeal, and the appeal court reversed Judge Johnson's ruling. Record Doc. No. 7-7, Exhibit "F" (Order of La. App. 4th Cir. 7/17/06). Specifically, the Fourth Circuit order by a panel consisting of Chief Judge Joan Bernard Armstrong and Judges James McKay and Leon A. Canizzaro, Jr., stated: "Relator's (Parks's) writ application is denied. On June 16, 2006, this court granted the State's writ application, reversed the ruling of the trial court, and reimposed relator's (Parks's) conviction and sentence." Id. Following the decision of the court of appeal, Parks applied for supervisory and/or remedial writs in the Louisiana Supreme Court. On May 4, 2007, the Louisiana Supreme Court affirmed the court of appeal and denied plaintiff's writ application. Record Doc. No. 7-8, Exhibit "G" (Order of La. S. Ct. 5/4/07). Thus, Parks's first-degree murder conviction, which is the basis of his current incarceration, has not been reversed or otherwise vacated or overruled

by the state courts, and Parks's understanding of the effect of the reversed ruling of the state trial court is erroneous.

Prior to the Spears hearing, defendant Eddie Jordan, Jr. filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's complaint fails to state a claim upon which relief can be granted. Record Doc. No. 8. Specifically, defendant argues that plaintiff is a prisoner whose conviction for first-degree murder has never been reversed or vacated, and that he now seeks damages for his alleged, unconstitutional conviction; and that his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff was ordered to file a written response to defendant's motion, and he has done so. Record Doc. No. 14. In addition, his testimony and other written submissions have also been considered in opposition to the motion and in connection with the screening procedure described below.

For the following reasons, **IT IS RECOMMENDED** that defendant's motion to dismiss be GRANTED and that this case be dismissed with prejudice until the Heck conditions are met.

## **ANALYSIS**

I.  STANDARDS OF REVIEW

(A)  28 U.S.C. 1915A Screening

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).  A complaint is frivolous "if it lacks an arguable basis in law or fact."  Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

The purpose of a Spears hearing is to dig beneath the conclusional allegations of a pro se complaint, to ascertain exactly what the prisoner alleges occurred and the legal basis of the claims.  Spears, 766 F.2d at 180.  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis, 157 F.3d at 1005. The information elicited at such an evidentiary hearing is in the nature of an amended complaint or a more definite

statement under Fed. R. Civ. P. 12(e).  Wilson v. Barrientos, 926 F.2d 480, 481 (5th Cir. 1991); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990).  "Upon development of the actual nature of the complaint, it may also appear that no justiciable basis for a federal claim exists."  Spears, 766 F.2d at 182.

The court may make only limited credibility determinations in a Spears hearing, Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997) (citing Cay v. Estelle, 789 F.2d 318, 326-27 (5th Cir. 1986), overruled on other grounds by Denton v. Hernandez, 504 U.S. 25 (1992)), and may consider and rely upon documents as additional evidence, as long as they are properly identified, authentic and reliable.  "The Court should allow proper cross-examination and should require that the parties properly identify and authenticate documents."  Id. (citing Wilson, 926 F.2d at 482-83; Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990)).

After a Spears hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, Jackson v. Vannoy, 49 F.3d 175, 176-77 (5th Cir. 1995); Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

(B)   Motion to Dismiss

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true.  In Re Katrina Canal Breaches Litig., --- F.3d ----, 2007 WL 2200004, at *10 (5th Cir. Aug. 2, 2007).

"All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor."  Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'  'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 2007 WL 2200004, at *10 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 1965 (2007) (quotation marks, citations, and footnote omitted)).

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570  (5th Cir. 2005).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." United States ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648, 654 (5th Cir. 2004) (quotation omitted).

In this case, plaintiff's complaint must be dismissed as legally frivolous because it lacks an arguable basis in law or under Rule 12(b)(6) because it is clearly barred by Heck.

II.     HECK APPLICATION TO SECTION 1983 CLAIMS

Defendant's motion to dismiss relies principally upon the Supreme Court's decision in Heck.  The state court orders submitted by plaintiff himself clearly establish that this motion is well-founded.  To whatever extent, if any, Parks seeks either injunctive relief or damages in connection with the state court criminal charges against him, his Section 1983 claim must be dismissed at this time.  In Heck, the United States Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted).  Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court

9

of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief.  Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Plaintiff's claims are clearly connected to the validity of his present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).  The charges have not been set aside in any of the ways described in Heck.  Plaintiff's argument that the decision of the state trial court in granting his motion to quash has somehow invalidated his conviction is erroneous in light of the subsequent decisions of both the court of appeal and the Louisiana Supreme Court in overruling the state trial court, reinstating his conviction and dismissing Parks's writ applications.  Thus, any claims for relief that plaintiff asserts attacking his continued confinement based upon his murder conviction must be dismissed.  As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met.  Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to dismiss, Record Doc. No. 8, be GRANTED, and that plaintiff's complaint

asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE**, as to all defendants under Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___1st___ day of October, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE